UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| IN RE:<br><br>Janice E. Phillips<br><br>Debtor. | Case No: 08-35148<br><br>Chapter 7<br><br>Judge Lawrence Walter<br><br>**DEBTOR'S RESPONSE TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS** |
|---|---|

Now comes the Debtor and submits this Response to the United States Trustee's Motion to Dismiss (Docket # 23). As fully set forth in the attached Memorandum in Support the Debtor moves the Court (1) to deny the United States Trustee's Motion to Dismiss under 707(b)(2); and (2) deny the United States Trustee's Motion to dismiss under 707(b)(3).

Respectfully Submitted,

/s/ Andrew J. Zeigler
Andrew J. Zeigler (OH #0081417)
Case Attorney for Debtor
Thompson and DeVeny Co. LPA
1340 Woodman Drive
Dayton, OH 45432
(937) 252-2030
Fax: (937) 252-9425
Andrew@thompsonanddeveny.com

**MEMORANDUM IN SUPPORT**

I.   **The presumption of abuse does not arise under 11 U.S.C. § 707(b)(2) because Mrs. Phillips can claim a deduction on Form B22A for real estate that is being surrendered.**

Debtor moves the Court to deny the United States Trustee's Motion to dismiss pursuant to 11 U.S.C. § 707(b)(2) because the presumption of abuse does not arise.  The only issue raised by the UST in his motion is debtor's deduction on Form B22A, Line 42 of $780.00 and $320.00

for a piece of real estate that is being surrendered.

This issue has been determined by Judge Humphrey in *In re Anderson*, 383 B.R. 699 (Bankr. S.D. Ohio 2008) and by Judge Waldron in *In re Sorrell*, 359 B.R. 167 (2007). Debtor believes these decisions are well reasoned and in line with the plain language of the statute. Therefore, Debtor asserts she is entitled to this deduction.

**II.     The totality of the circumstances of Mrs. Phillips' financial situation do not demonstrate abuse under 11 U.S.C. § 707(b)(3) because Mrs. Phillips does not have the ability to pay her creditors.**

Even if there is no presumption of abuse pursuant § 707(b)(2) the case remains subject to dismissal or conversion for abuse pursuant to § 707(b)(3). *In re Sorrell*, 359 B.R. 167, 188 (Bankr. S.D. Ohio 2007). In determining whether granting relief would be an abuse of the provisions of Chapter 7 in a case in which the presumption "does not arise or is rebutted," the court is required to consider whether "the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." *In re Mestemaker*, 359 B.R. 849, 854 (Bankr. N.D. Ohio 2007). The plain meaning of the phrase "debtor's financial situation" must include a debtor's actual income and expenses, since such information is the starting point for any analysis of an individual's financial situation. *Id.* The UST has the burden of proof by a preponderance of the evidence under § 707(b)(3). *In re Robert*, 2008 Bankr. LEXIS 855 at *6 (Bankr. S.D. Ohio 2008) citing *In re Summer*, 255 B.R. 555, 563 (Bankr. S.D. Ohio 2000).

The only issue raised by the United States Trustee in his Motion to Dismiss under § 707(b)(3) is Debtor's ability to pay. Specifically, the UST contends that if the Debtor did not make contributions to her Thrift Savings Plan and repay her Thrift Savings Plan loan she would have disposable income of $794.00 to repay her creditors in a Chapter 13 case. Debtor disagrees.

The appropriate method of evaluating whether a debtor has the ability to repay his or her debts is to determine what amount of that indebtedness could be repaid in a hypothetical Chapter 13 plan. *In re Behlke*, 358 F.3d 429, 437 (6th Cir.2004). A Chapter 13 debtor is required to commit only future disposable income under a plan to pay general creditors. 11 U.S.C. § 1325(b). Section 1322(f) of the Bankruptcy Code excludes from the definition of "disposable income" in section 1325 amounts deducted from an employee's paycheck, and paid to an ERISA qualified plan or amounts deducted from a debtor's paycheck for repayment of a loan from such a retirement account. *In re Skvorecz*, 369 B.R. 638, 640 (Bankr. D. Colo. 2007).

If the Court were to dismiss this case pursuant to section 707(b), the Debtor could refile under Chapter 13 and unsecured creditors would be paid nothing based upon provisions of sections 1322(f) and 1325 and the deference accorded by Congress to 401(k) contributions and loan repayments. Alternatively, if the Court were to convert the case to Chapter 13, with the Debtor's consent, the same result would obtain. *Id.* at 644.

Mrs. Phillips schedules reflect her current financial situation, however her financial situation expected to worsen in the coming years contrary to the UST's assertion. Mrs. Phillips expects the following expenses to increase or be added to his budget in the near future:

a) Mrs. Phillips is driving a 1998 Chevy Blazer with over 100,000 miles, this vehicle is already over 10 years old and over the course of a 60 month Chapter 13 Mrs. Phillips will have to replace this vehicle and may need to finance a different vehicle.

b) Mrs. Phillips claimed a 2007 Federal income tax refund of $2,400.00; however she will no longer be able to claim an interest deduction for the real estate that was surrendered so she will no longer have the benefit of a large tax refund.

       c)       Mrs. Phillips is currently renting an apartment for $745.00, over the course of a 60 month chapter 13 the rent is certain to increase.

WHEREFORE, for these reasons stated in this memorandum in support, this case must not be dismissed pursuant to 11 U.S.C. § 707(b)(2) and/or 707(b)(3) and the Court must deny the UST's Motion to Dismiss.

                          Respectfully Submitted,

                          /s/ Andrew J. Zeigler
                          Andrew J. Zeigler (OH #0081417)
                          Case Attorney for Debtor
                          Thompson and DeVeny Co. LPA
                          1340 Woodman Drive
                          Dayton, OH 45432
                          (937) 252-2030
                          Fax: (937) 252-9425
                          Andrew@thompsonanddeveny.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2009 a copy of the Response to the United States Trustee's Motion to Dismiss was served on the following registered ECF participants, **electronically** through the Court's ECF System at the email address registered with the Court:

U.S. Trustee
Ruth Slone, Chapter 7 Trustee

And on the following parties by **ordinary U.S. Mail**, postage prepaid, on February 9, 2009 addressed to:

Janice Phillips, 4376 Bridgeport Drive, Dayton, Ohio 45440

                          /s/ Andrew J. Zeigler
                          Andrew J. Zeigler (OH #0081417)